**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00719-REB-BNB

TRAVELODGE HOTELS, INC.,

    Plaintiff,

v.

THIENCO HOSPITALITY, LLC, a Colorado limited liability company,
HENRY VAN DOAN, an individual,
KIM XUAN DOAN, an individual, and
MARK GROVES, an individual,

    Defendants.

**ORDER FOR DEFAULT JUDGMENT AGAINST DEFENDANTS THIENCO HOSPITALITY, LLC, HENRY VAN DOAN, AND KIM XUAN DOAN**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Default Judgment Against Defaulted Defendants Thienco Hospitality, LLC, Henry Van Doan and Kim Xuan Doan** [#36], filed August 14, 2007. I grant the motion.

I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff duly served the corporate defendant, Thienco Hospitality, LLC, in accordance with Fed.R.Civ.P. 4(h)(1), and the individual defendants, Henry Van Doan and Kim Xuan Doan, as required by Fed.R.Civ.P. 4(e)(1). Defendants have failed to answer or otherwise respond within the time permitted by law, and, thus, have admitted the factual allegations of the complaint other than those relating to damages. *See* **FED.R.CIV.P**. 8(d); *see also* **Burlington Northern Railroad Co. v. Huddleston**, 94

F.3d 1413, 1415 (10th Cir. 1996).  Entry of default pursuant to Fed.R.Civ.P. 55(a) was made by the Clerk of the Court on July 12, 2007 [#33].  Plaintiff, therefore, is entitled to default judgment against these defendants pursuant to Fed.R.Civ.P. 55(b).

The contracts under which plaintiff sues provide for actual and liquidated damages in the event of default of their terms.  The License Agreement provides also for the recovery of costs and expenses, including attorney fees, incurred in enforcing the terms of that contract.  The amount of plaintiff's damages and attorney fees is fully supported by the evidence it has submitted.  I, therefore, find and conclude that plaintiff is entitled to the damages and attorney fees set forth in its motion for default judgment.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Default Judgment Against Defaulted Defendants Thienco Hospitality, LLC, Henry Van Doan and Kim Xuan Doan** [#36], filed August 14, 2007, is **GRANTED**;

2. That default judgment **SHALL ENTER** on behalf of plaintiff, Travelodge Hotels, Inc., and against defendants, Thienco Hospitality, LLC, Henry Van Doan, and Kim Xuan Doan, under the License Agreement and attendant guarantys thereof;

3. That plaintiff is **AWARDED** damages, attorney fees, and costs against defendants, Thienco Hospitality, LLC, Henry Van Doan, and Kim Xuan Doan, jointly and severally, in the following amounts:

   a. liquidated damages as provided by the License Agreement in the principal amount of $142,000.00;

   b. Recurring Fees due and owing under the License Agreement in the principal amount of $3,477.10;

      c.      pre-judgment interest in the amount of $37,992.98 from March 8, 2006, through the date of this Order;

      d.      attorney fees in the amount of $7,735.70; and

      e.      costs in the amount of $451.91;

4. That plaintiff is **AWARDED** post-judgment interest as provided by 28 U.S.C. § 1961 on the principal amount set forth in paragraph 3 above from the date of this Order until the judgment is paid in full; and

5. That plaintiff further is **AWARDED** liquidated damages in the amount of $1,000.00 as provided by the Addendum to the License Agreement for Satellite Connectivity Services against defendant, Henry Van Doan, individually.

Dated August 17, 2007, at Denver, Colorado.

                          **BY THE COURT:**

                          <u>**s/ Robert E. Blackburn**</u>
                          **Robert E. Blackburn**
                          **United States Magistrate Judge**